UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

TANYA STEVENSON,

    Plaintiff,

v.

LENDINGCLUB BANK, N.A.,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and EQUIFAX, LLC.

    Defendants.

Case No.

**COMPLAINT**

NOW COMES Plaintiff, TANYA STEVENSON ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants LENDINGCLUB BANK, N.A. ("LENDING" or "Defendant"), and TRANS UNION, LLC ("TRANS UNION" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and EQUIFAX, LLC ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Morris County, in the City of Rockaway, in the State of New Jersey.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of New Jersey and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN is a corporation conducting business in the State of New Jersey and is headquartered in Costa Mesa, California.

10. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a company conducting business in the State of New Jersey and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

19. Defendant LENDING is a nationally chartered bank doing business in the State of New Jersey and is headquartered in San Francisco, California.

20. Defendant LENDING is a "person," as defined by 47 U.S.C. §153 (39).

21. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

/ / /

**Jurisdiction and Venue**

22. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

23. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

24. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN, and LENDING regarding a credit account that he had with LENDING, settled with LENDING, and paid to LENDING.

25. CRAs, including TRANS UNION and EQUIFAX and EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

26. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

27. Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

28. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with LENDING, an inaccuracy found in all three of the credit reports published by the three CRA Defendants. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question:

29. On or about August 9, 2022, Plaintiff and LENDING settled an account ending in 4914 (the "Account") for $4,294.00.

30. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $200.00, one (1) payment of $178.00, and one (1) payment of $3,916.00, with the last and final payment on October 25, 2022, fully satisfying the settlement agreement and Account.

31. On May 7, 2024, Plaintiff received copies of her credit report from TRANS UNION and EQUIFAX, and on May 14, 2024, Plaintiff received a copy of her credit report from EXPERIAN.

32. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant LENDING reported incorrect information regarding the Account to the CRAs.

33. TRANS UNION reported the Account status as ">Charge-off< with a past-due, outstanding balance of $4,972.00. TRANS UNION also reported the Account rating as "C/O" until March 2024 ("C/O" meaning "Charged off by account provider," according to TRANS UNION), even though the Account was paid and settled in October 2022.

34. EQUIFAX reported the Account status as "CHARGE_OFF" with a past-due, outstanding balance of $4,972.00. EQUIFAX also reported the Account rating as "CO" until March 2024 ("CO" meaning "Charge-off," according to EQUIFAX), even though the Account was paid and settled in October 2022.

35. EXPERIAN reported the Account status as "Account charged off. $8,240 written off. $4,972 past due as of Apr 2024" with a past-due, outstanding balance of $4,972.00. EXPERIAN also reported the Account rating as "CO" until April 2024 ("CO" meaning "Charge off," according to EXPERIAN), even though the Account was paid and settled in October 2022.

36. Additionally, the three CRA Defendants failed to report the payment history on the Account accurately.

37. The CRA Defendants' failure to report the Account correctly, including their failure to report the accurate status, accurate balance, accurate rating, and accurate payment history, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

38. Plaintiff issued disputes by mail to all three CRA Defendants on May 19, 2024, June 11, 2024, and June 13, 2024, regarding the incorrect information being reported on the Account.

39. In her dispute letters, Plaintiff disputed the incorrect entries in her credit reports, including that the Account still had an outstanding balance that was past due, that any balance was owed on the Account, and that the Account rating was "CO." Plaintiff also disputed the inaccurate payment history of the Account. Additionally, Plaintiff included proof of the agreement between herself and LENDING and proof of the payments made in satisfaction of the agreement.

40. Upon information and belief, pursuant to their obligations under the FCRA, all three CRA Defendants notified LENDING of Plaintiff's disputes within five days of receipt of the disputes.

41. Further, upon information and belief, all three CRA Defendants would have sent the documentation Plaintiff included in her dispute letters to LENDING, including the terms of the settlement and proof of the payments.

42. Despite her very specific disputes and accompanying documents supporting her disputes, Plaintiff received either secondary credit reports or dispute results from all three CRA Defendants, which reiterated similar inaccuracies.

43. On June 11, 2024, TRANS UNION issued investigation results in response to Plaintiff's dispute letter, where they verified the information being reported on the Account as accurate. This report continued to report an inaccurate Account status of ">Charge-off<," an

6

inaccurate, past-due, outstanding balance of $4,972.00, and did not correct the payment history of the Account.

44. On June 24, 2024, Plaintiff received a notice letter from EQUIFAX explaining that they were unable to locate her credit file with the information Plaintiff provided. EQUIFAX proceeded to request Plaintiff send them information identical to what Plaintiff had already sent to assist them in locating her file.

45. Upon information and belief, Plaintiff believed that sending this information was fruitless, as EQUIFAX already had the exact information they were requesting. Instead, Plaintiff requested another credit report, which EQUIFAX was able to provide. This report was received on July 24, 2024. EQUIFAX continued to report an inaccurate Account status of "CHARGE_OFF," an inaccurate, past-due, outstanding balance of $4,972.00 and did not correct the payment history of the Account.

46. On June 25, 2024, Plaintiff received a second credit report from EXPERIAN. This report continued to report an inaccurate Account status of "Account charged off. $8,240 written off. $4,972 past due as of May 2024," an inaccurate, past-due, outstanding balance of $4,972.00, and an inaccurate Account rating of CO, now reporting until May 2024. Additionally, this report did not correct the payment history of the Account.

47. At the time of filing this complaint, all three CRA Defendants continue to report Plaintiff's Account incorrectly.

48. Upon information and belief, all three CRA Defendants continue to report this information because of (1) LENDING's furnishing of incorrect information regarding the Account to the three CRA Defendants and (2) all three CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letters.

49. Additionally, upon information and belief, LENDING failed to conduct a reasonable investigation into the information it furnished to the CRA Defendants.

50. If LENDING had complied with its duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

51. Further, LENDING continues to furnish information regarding the Account that it knows or should know is inaccurate.

52. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION and EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintain concerning Plaintiff. 15 U.S.C. § 1681e(b).

53. If TRANS UNION and EQUIFAX and EXPERIAN had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

54. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

55. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

56. Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

**COUNT I – TRANS UNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

57. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

58. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

59. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

60. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

64. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

65. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

66. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies,

by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

67. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

71. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

72. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

73. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

74. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

78. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

79. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

80. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

81. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

85. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

86. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

87. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

88. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

91. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

92. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

93. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

94. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

95. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

96. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

97. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

98. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– LENDING
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

99. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

100. After receiving Plaintiff's disputes, LENDING failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

101. LENDING violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the

CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of LENDING's representations to the CRAs.

102. As a result of this conduct, action, and inaction of LENDING, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

103. LENDING's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

104. In the alternative, LENDING was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

105. Plaintiff is entitled to recover costs and attorneys' fees from LENDING, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 08/29/2024								Respectfully submitted,

*/s/ Christopher Higgins*
NJ Bar No.: 041532012
Gator Law, P.C.
8825 N. 23rd Avenue, Suite 100
Phoenix, AZ 85021
Email: attorneys@gatorlawpc.com
Phone: (385) 324-5471
**Attorneys for Plaintiff,**
**TANYA STEVENSON**
